IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SONIA RODRÍGUEZ RAMOS<br>*Plaintiff*<br><br>V.<br><br>EMPRESAS CAPARRA, INC. d/b/a San Patricio Plaza; Company XYZ; INSURANCE ABC<br>*Defendant* | CIVIL NO.<br><br>Plaintiff demand Trial By Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the plaintiff through the undersigned attorney, and very respectfully states, alleges and prays:

### I.   NATURE OF THE ACTION

This action for money damages, injunctive and declaratory relief brought by Plaintiff, Mrs. Sonia Rodriguez Ramos (hereinafter referred to as Mrs. Rodriguez and/or plaintiff).

Ms. Rodriguez brings this action under the American with Disabilities Act (hereinafter referred to as ADA) 42 USC §12101 and Article 1802 and 1803 of the Puerto Rico Civil Code as supplemental claims. Under the ADA Ms. Sonia Rodriguez seeks equitable and injunctive relief in the form of an order directing SPP to provide Mrs. Rodriguez and any other visitor and/or client of San Patricio Plaza with unobstructed access to the public facilities operated by them. Furthermore Mrs. Rodriguez seek judgment under Puerto Rico Civil Code article 1802 and 1803 to remedy the physical and emotional damages suffered by her as a result of Defendant's

failure to provide appropriately accessible accommodations within the shopping center under their administration.

## II. JURISDICTION

This Honorable court has subject matter jurisdiction to entertain the instant case pursuant to 28 USC section 11332 because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs. This court's exercise of supplemental jurisdiction is invoked pursuant to 28 USC 1367 to hear the claims under Commonwealth of Puerto Rico Law as they arose from the same nucleus of operative facts.

## III. PARTIES

1. Mrs. Sonia Rodriguez is 78 years old and citizen of St. Cloud, Florida.
2. Mrs. Sonia Rodriguez is a disabled person, with a substantial limitation in her capacity to move and walk.
3. Empresas Caparrra, Inc. is a domestic for profit corporation organized under the laws of the Commonwealth of Puerto Rico (register number 78939) who administer and/or owns the shopping mall known as San Patricio Plaza located in Guaynabo, Puerto Rico. (Hereinafter referred as SPP).
4. Empresas Caparra, Inc. physical address is Galeria San Patricio OF-212, Ave. Tabonuco, Guaynabo, PR 00966 and postal address is PO Box 9506, San Juan, PR 00908-9506.
5. Empresas Caparra, Inc. d/b/a San Patricio Plaza is a commercial facility under the ADA. See 42 USC §1281 (2).
6. Company XYZ, refers to any legal entity with interest in San Patricio Plaza that could be liable and responsible to plaintiff for the damages as the one

described in this complaint. As the name is currently unknown, plaintiff reserves the right to amend complaint incorporating the correct name of the insurance company.

7. INSURANCE ABC, refers to any insurance company who provided insurance coverage for the legal liability of San Patricio Plaza for damages as the one described in this complaint. As the name is currently unknown, plaintiff reserves the right to amend complaint incorporating the correct name of the insurance company.

### IV.   TOLLING OF THE STATUE OF LIMITATIONS

8. The accident that gives rise to the present case occurred on OCTOBER 27, 2016, in Guaynabo Puerto Rico, therefore, pursuant to Articles 1802 and 1868 of the Civil Code of Puerto Rico. 31 L.P.R.A. sections 5141 and 5298, at the time of filling the present complaint, the statute of limitations of one (1) year has not elapsed.

### V.   FACTS

9. On or around October 27, 2016, Ms. Rodriguez visited the San Patricio Plaza (SPP) shopping mall located in Guaynabo, Puerto Rico accompanied by her daughter Sonia Berrios Rodríguez.
10. While visiting the mall Mrs. Rodriguez intended to visit a book store and other stores located on the second floor.
11. Mrs. Rodriguez and her daughter proceeded to ask the mall's security officers and the booth employees for the nearest elevator.
12. The security officers directed them towards the end of the hallway for the nearest elevator.

13. Towards the end of the hallway, Mrs. Rodriguez and her daughter met with other SPP security officers and SPP employee Zaida Velez.
14. SPP employee, Mrs. Zaida Velez, informed to Mrs. Rodriguez and Mrs. Berrios that they needed to wait for the security officers further down the hallway and also explained to them that the SPP security officers were going to meet them over there to escort them towards the elevators.
15. Mrs. Berrios and her daughter proceeded further down to the hallway to the area were Mrs. Zaida Velez pointed.
16. They waited, in the place pointed by Mrs. Zaida Velez, for the security officers for about 35 minutes and no SPP officer appeared.
17. Consequently, Mrs. Rodriguez' daughter went back to SPP employee Zaida Velez to ask again for assistance and also informed her that the officers never showed up.
18. At this point, Mrs. Zaida Velez explained to Ms. Rodriguez' daughter that the only way to go up to the second floor was using the electric stairs.
19. While on the electric stairs, due to drastic movements of the stairs, Ms. Rodriguez lost control and collapse down the stairs knocking down her daughter on her way down.
20. A client who viewed the ocurrence, Mrs. Myreddis Gonzalez and Ms. Janet Morales, tried to help plaintiff by requesting assistance.
21. Plaintiff assisted by her daughter presented a claim directly SPP security officer John Rodríguez. Mr. John Rodriguez also directed Mrs. Rodriguez daughter to Elda Román SPP claim employee.
22. As result of the accident, Mrs. Rodriguez was evaluated by Dr. Jorge Valdesuso at Clinica San Claudia.

23. The accident suffered by Mrs. Rodriguez augmented her impediment to walk; she is still suffering the consequences of the fall and remained waiting for the pain to abate.
24. The pain persisted, when plaintiff returned to the State of Florida shortly after, she was immediately evaluated and started medical treatment.
25. Mrs. Rodriguez suffered physical and emotional damages as direct result of San Patricio Plaza illegal and negligent acts in violation of the ADA and Puerto Rico Articles 1802 of the Puerto Rico Civil Code.
26. All the damages caused by the negligence of defendants are reasonably estimated in excess of two hundred and fifty thousand dollars ($250,000.00)
27. Plaintiff demand Trial by Jury.

## FIRST CAUSE OF ACTION
## ADA TITLE III VIOLATION
## 42 USC §12182

*All allegations contained in paragraphs 1- 27 are incorporated herein.*

28. As general rule under ADA, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
29. Empresas Caparra, Inc. was the owner and/or lessor and/or operator of the entire facilities known as San Patricio Plaza shopping mall.
30. Consequently, for purposes of Title III of ADA Empresas Caparra, Inc. d/b/a SPP is a place of commercial facility and as such had the obligation under said law to provide Mrs. Rodriguez with (1) free and equal opportunity to participate (2) the right not to be treated diffently and/or seservices

31. Empresas Caparra, Inc. failed to comply with the above stated obligations under the ADA toward Mrs. Rodriguez and continue to provide its services in the manner and with the same limitations against disable individuals.

32. Empresas Caparra, Inc. continues to provide the same services it provided Ms. Rodriguez in the same manner after Mrs. Rodriguez's incident of discrimination.

33. As such, Mrs. Rodriguez request equitable relief in the form of an order directing Empresas Caparra, Inc. to provide Mrs. Rodriguez and any other SPP disable client with unobstructed access to the facilities SPP leases with (1) free and equal opportunity to participate in and benefit from the commercial facilities the company leases; (2) the right no to be treated differently and/or separately in the opportunity to participate in and benefit from the amenities SPP promotes unless such action was necessary for Mrs. Rodriguez and/or any other disable client enjoyment of the shopping facilities and amenities.

### SECOND CAUSE OF ACTION
### PUERTO RICO ARTICLE 1802 AND 1803
### PUERTO RICO CIVIL CODE

*All allegations contained in paragraphs 1- 28 are incorporated herein.*

34. Pursuant to Article 1802, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Title 31, §5141.

35. Under Article 1803 SPP is responsible for the negligence and/or purposeful illegal acts committed by SPP employees and/or agents and/or representatives.

36. In light of the facts of this Complaint SPP, its employees, agents and/or representatives incurred in negligent and purposeful acts against Ms. Rodriguez.

37. SPP knowingly and willfully failed to comply with ADA Title III requirements as to Ms. Rodriguez and such conduct is the proximate cause of Plaintiffs' damages.

38. Mrs. Rodriguez suffered physical and emotional damages as a direct result of SPP's discriminatory, illegal and negligent acts in violation of the ADA and Puerto Rico Articles 1802 and 1803 of the Puerto Rico Civil Code in an amount no less than $250,000.00.

## REMEDIES

WHEREFORE, Plaintiff respectfully prays to this Court that judgment be entered against Defendant and grant Plaintiff as follow:

a. Equitable an injunctive relief under ADA Title II against San Patricio Plaza's discriminatory practices.

b. Award Plaintiff compensatory damages for her emotional and moral damages and mental anguishes under Puerto Rico Civil Law, punitive damages for Defendant's violation of her Title III ADA rights in amounts not less than specified in this complaint.

c. Award Plaintiff costs of this action, including reasonable attorney's fees costs and expenses.

d. Award pre and post judgment interests.

e. Grant plaintiff any such equitable and/or monetary relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on May 8, 2017.

**PRADO NUÑEZ & ASSOCIATES, P.S.C.**
403 Del Parque St., Suite 8
San Juan, PR 00912
T. (787)977-1411
F. (787)977-1410
pradolaw10@gmail.com


/s/ **EDWIN PRADO GALARZA**
USDCPR NO. 208804
